IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES, <br> TDCJ No. 1169005, <br><br> Plaintiff, <br><br> V. <br><br> J. CLARK, ET AL., <br><br> Defendants. | § § § § § § § § § § § | <br><br><br><br><br> No. 3:23-cv-1841-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

For years now, Plaintiff Kevin Jerome Jones, a Texas prisoner proceeding *pro se*, has filed, in this district and elsewhere, complaints under 42 U.S.C. § 1983 that include claims that are difficult decipher but appear related to grievances that Jones filed at the prison where he is incarcerated, a facility not located in this district.

Since 2019, Jones has been subject to 28 U.S.C. § 1915(g)'s three-strikes bar. *See Jones v. Spurlock*, No. 3:19-cv-66-G-BT (N.D. Tex.), Dkt. No. 6 at 2 (finding that Jones "has accrued three strikes under § 1915(g)" (citing *Jones v. Bd. of Pardons & Parole*, No. 18-11555 (5th Cir. Jan. 4, 2019) (finding that he was barred from proceeding IFP due to three strikes and dismissing appeal for failure to pay the filing fee))); *id.*, Dkt. No. 9 (judgment dismissing Jones's action as barred by Section 1915(g)).[1]

---

[1] *See also, e.g.*, *Jones v. Roberts*, No. 9:19-CV-65, 2019 WL 2521141 (E.D. Tex. May 15, 2019), *rec. adopted*, 2019 WL 2515316 (E.D. Tex. June 17, 2019) (recognizing that Jones is barred by Section 1915(g)); *Jones v. Hutto*, No. 3:19-cv-1359-N-BN, 2019 WL 3307068 (N.D. Tex. June 11, 2019), *rec. accepted*, 2019 WL

Earlier this year, United States District Judge Brantley Starr dismissed, under Section 1915(g), a Section 1983 complaint filed by Jones and admonished Jones that, "if he continues to file frivolous or malicious complaints, the Court will docket and then administratively close all such complaints subject to 28 U.S.C. § 1915(g) where the complaint lacks substantive factual allegations to show that Plaintiff is in imminent danger of serious physical injury." *Jones v. Bowers*, No. 3:23-cv-548-X-BN, Dkt. No. 6 (N.D. Tex. Apr. 6, 2023).

Undeterred by this admonishment, Jones filed two more Section 1983 complaints in this Court (on June 13, 2023 and on July 5, 2023), both consisting of indecipherable assertions, and other judges of this Court dismissed those complaints under Section 1915(g). *See Jones v. Clark*, No. 3:23-cv-1414-L-BT (N.D. Tex. Aug. 2, 2023); *Jones v. Gruver*, No. 3:23-cv-1539-E-BT (N.D. Tex. Aug. 2, 2023).

Jones's latest Section 1983 complaint follows his established pattern: it includes indecipherable claims, appears to concern grievances that he filed at a prison not located in this district, and lacks substantive factual allegations to show that he is currently in imminent danger of serious physical injury as to overcome Section 1915(g). *See* Dkt. No. 2.

The presiding United States district judge referred this complaint to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference.

---

3304791 (N.D. Tex. July 23, 2019) (same); *Jones v. Johnson*, No. 9:19-CV-95, 2019 WL 3782137 (E.D. Tex. June 10, 2019), *rec. adopted*, 2019 WL 3776375 (E.D. Tex. Aug. 10, 2019) (same).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, in addition to dismissing this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Jones pays the full filing fee of $402.00 – for the reasons that judges of this Court have explained to Jones numerous times over the past more than four years, *see, e.g.*, *Jones v. Bowers*, No. 3:23-cv-548-X-BN, 2023 WL 2815866 (N.D. Tex. Mar. 21, 2023), *rec. accepted*, 2023 WL 2816860 (N.D. Tex. Apr. 6, 2023) – the Court should impose the sanction that Judge Starr admonished Jones that the Court would impose should Jones continue to file frivolous or malicious complaints.

The Court should therefore sanction Jones to the extent that, as to all complaints that Jones files under 42 U.S.C. § 1983 in this district going forward, the Court will docket the complaint and then summarily administratively close the resulting action under 28 U.S.C. § 1915(g) where the complaint lacks substantive factual allegations to show that Jones is currently in imminent danger of serious physical injury as to overcome Section 1915(g).

**Recommendation**

The Court should dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Plaintiff Kevin Jerome Jones pays the full filing fee of $402.00 and enter an appropriate sanction.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE